STEGMEIER, GELBART,
SCHWARTZ & BENAVENTE, LLP
19762 MacArthur Boulevard
Suite 200
Irvine, California 92612
(949) 337-4050
sgelbart@sgsblaw.com

Defendant, In Pro Per

**FILED**

APR 15 2026

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No: 8:24-bk-12527-SC |
| KRISTINA LYNN SMITH, | Chapter 7 |
| Debtor. | Adv. No: 8:26-ap-01028-SC |
| JEFFREY ADAMS GOMEZ, an individual, <br><br> Plaintiff, <br><br> v. <br><br> STEGMEIER, GELBART, SCHWARTZ & BENAVENTE, LLP, THE NESHANIAN LAW FIRM, INC. and R&S LAW GROUP, APC, <br><br> Defendants. | **DEFENDANT, STEGMEIER, GELBART, SCHWARTZ & BENAVENTE, LLP'S ANSWER TO ADVERSARY COMPLAINT FOR:** <br> 1. **DECLARATORY RELIEF (28 U.S.C. §2201)** <br> 2. **DISALLOWANCE OF CLAIMS (11 U.S.C. §502)** |

Defendant, Stegmeier, Gelbart, Schwartz & Benavente, LLP ("Defendant SGSB"), admits, denies and alleges as follows in response to the Adversary Complaint For: 1. Declaratory Relief; and 2. Disallowance of Claims ("Complaint"), filed by Plaintiff Jeffrey Adams Gomez, ("Plaintiff"). Defendant SGSB designates one of its partners, Saul Gelbart, as the Person Most Knowledgeable pertaining to this case.

### JURISDICTION AND VENUE

1.      In response to paragraph 1 of the Complaint, Defendant SGSB admits this Court has subject

1

*DEFENDANT SGSB'S ANSWER TO ADVERSARY COMPLAINT*

matter jurisdiction over the underlying bankruptcy proceeding.

2. In response to paragraph 2 of the Complaint, Defendant SGSB denies each and every allegation contained therein.

3. In response to paragraph 3 of the Complaint, Defendant SGSB admits that venue is proper in the Central District of California, because, and for so long as, the underlying bankruptcy case, *In re Kristina Lynn Smith,* Case No. 8:24-bk-12527-SC, is pending in said Court.

4. In response to paragraph 4 of the Complaint, Defendant SGSB does not have enough information to answer, and therefore, denies each and every allegation contained therein.

**PARTIES**

5. In response to paragraph 5 of the Complaint, Defendant SGSB does not have enough information to answer, and therefore, denies that Plaintiff is a party in interest in the underlying bankruptcy case.

6. In response to paragraph 6 of the Complaint, Defendant SGSB does not have enough information to answer, and therefore, denies each and every allegation contained therein.

7. In response to paragraph 7 of the Complaint, Defendant SGSB does not have enough information to answer, and therefore, denies each and every allegation contained therein.

8. In response to paragraph 8 of the Complaint, Defendant SGSB does not have enough information to answer, and therefore, denies each and every allegation contained therein.

**FACTUAL ALLEGATIONS**

9. In response to paragraph 9 of the Complaint, Defendant SGSB denies each and every allegation contained therein.

10. In response to paragraph 10 of the Complaint, Defendant SGSB does not have enough information to answer, and therefore, denies each and every allegation contained therein.

11. In response to paragraph 11 of the Complaint, Defendant SGSB does not have enough information to answer, and therefore, denies each and every allegation contained therein.

12. In response to paragraph 12 of the Complaint, Defendant SGSB denies each and every allegation contained therein.

13. In response to paragraph 13 of the Complaint, Defendant SGSB denies each and every

*DEFENDANT SGSB'S ANSWER TO ADVERSARY COMPLAINT*

allegation contained therein.

14.     In response to paragraph 14 of the Complaint, Defendant SGSB denies each and every allegation contained therein.

15.     In response to paragraph 15 of the Complaint, Defendant SGSB denies each and every allegation contained therein.

16.     In response to paragraph 16 of the Complaint, Defendant SGSB denies each and every allegation contained therein.

17.     In response to paragraph 17 of the Complaint, Defendant SGSB denies each and every allegation contained therein.

18.     In response to paragraph 18 of the Complaint, Defendant SGSB denies each and every allegation contained therein.

19.     In response to paragraph 19 of the Complaint, Defendant SGSB denies each and every allegation contained therein.

20.     In response to paragraph 20 of the Complaint, Defendant SGSB denies each and every allegation contained therein.

21.     In response to paragraph 21 of the Complaint, Defendant SGSB denies each and every allegation contained therein.

22.     In response to paragraph 22 of the Complaint, Defendant SGSB denies each and every allegation contained therein.

23.     In response to paragraph 23 of the Complaint, Defendant SGSB denies each and every allegation contained therein.

24.     In response to paragraph 24 of the Complaint, Defendant SGSB does not have enough information to answer, and therefore, denies each and every allegation contained therein.

25.     In response to paragraph 25 of the Complaint, Defendant SGSB does not have enough information to answer, and therefore, denies each and every allegation contained therein.

**FIRST CLAIM FOR RELIEF**

**[For Declaratory Relief & Dissallowance of Claims as to R&S Law Group]**

26.     In response to paragraph 26 of the Complaint, Defendant SGSB reasserts and incorporates

*DEFENDANT SGSB'S ANSWER TO ADVERSARY COMPLAINT*

its response to paragraphs 1-25 as if fully asserted herein.

<strong>SECOND CLAIM FOR RELIEF</strong>

<strong>[For Declaratory Relief & Dissallowance of Claims as to SGSB]</strong>

27.   In response to paragraph 30 of the Complaint, Defendant SGSB reasserts and incorporates its response to paragraphs 1-29 as if fully asserted herein.

28.   In response to paragraph 31 of the Complaint, Defendant SGSB denies each and every allegation contained therein.

29.   In response to paragraph 32 of the Complaint, Defendant SGSB denies each and every allegation contained therein.

30.   In response to paragraph 33 of the Complaint, Defendant SGSB denies each and every allegation contained therein.

31.   In response to paragraph 34 of the Complaint, Defendant SGSB denies each and every allegation contained therein.

32.   In response to paragraph 35 of the Complaint, Defendant SGSB denies each and every allegation contained therein.

<strong>THIRD CLAIM FOR RELIEF</strong>

<strong>[For Declaratory Relief & Dissallowance of Claims as to Neshanian]</strong>

33.   In response to paragraph 36 of the Complaint, Defendant SGSB reasserts and incorporates its response to paragraphs 1-35 as if fully asserted herein.

<strong>AFFIRMATIVE DEFENSES</strong>

In asserting the following affirmative defenses, Defendant SGSB does not shift any burden of proof or assume the need to prove any element of any claim asserted by Plaintiff. To the extent defenses asserted below are not considered affirmative defenses, but rather part of Plaintiff's burden of proof or elements Plaintiff must prove, such shall remain a part of Plaintiff's burden notwithstanding any characterization herein of such aspects of Plaintiff's prima facie case as affirmative defenses.

1.   The Plaintiff did not clearly state the amount or issues in this case, making it difficult for Defendant SGSB to respond. Defendant SGSB requests that the court grant leave to amend this

4

Answer to allow additional defenses once additional information is discovered that will allow any additional defenses to be known by Defendant SGSB.

2. The Plaintiff has failed to state an essential element for one or more of its causes of action.

3. The Plaintiff does not have standing to bring this case.

4. The Plaintiff lacks Privity of Contract Regarding the FLARPL and, therefore, has no standing to seek disallowance of any claim related to the FLARPL.

5. The Plaintiff is not the original creditor and, therefore, has no contractual relationship with Defendant SGSB.

6. The Plaintiff's purported claims for relief are barred by the statute of limitations.

7. The Plaintiff is seeking to recover more than Plaintiff is entitled to recover in this case, and an award of relief sought by Plaintiff would result in unjust enrichment to Plaintiff.

8. Even if the Plaintiff's allegations are true, the Plaintiff did not suffer any damages.

9. The purported claims for relief are barred by the equitable doctrine of Laches.

10. The purported claims for relief are barred by the equitable doctrine of unclean hands.

11. The purported claims for relief are barred because the Plaintiff's claims are barred by fraud.

12. The purported claims for relief are barred by Res Judicata.

13. The purported claims for relief are barred by Collateral Estoppel.

14. The purported claims for relief have been waived through Plaintiff's actions.

15. As and for additional, separate and distinct affirmative defenses to all causes of action, Defendant SGSB presently has insufficient knowledge or information upon which to form a belief as to whether additional affirmative defenses exist, as yet unstated by Defendant SGSB.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant SGSB prays as follows:

1. That Plaintiff takes nothing under the Complaint;

2. That Plaintiff's request for Declaratory Relief in Paragraph 2 of Plaintiff's Prayer for Relief be Denied.

3. That Plaintiff's request for Declaratory Relief in Paragraph 3 of Plaintiff's Prayer for Relief be Denied.

*DEFENDANT SGSB'S ANSWER TO ADVERSARY COMPLAINT*

4.     That Plaintiff's request for Declaratory Relief in Paragraph 4 of Plaintiff's Prayer for Relief be Denied.

5.     That Plaintiff's request in Paragraph 5 of Plaintiff's Prayer for Relief (for Disallowance of Defendant SGSB's claims) be Denied.

6.     For attorney fees and costs of suit herein; and

7.     For such further relief as this Court may deem proper.

Date: April 14, 2026

DEFENDANT, STEGMEIER, GELBART, SCHWARTZ & BENAVENTE, LLP
By: Saul M. Gelbart (Partner)

6

*DEFENDANT SGSB'S ANSWER TO ADVERSARY COMPLAINT*

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 19762 MacArthur Boulevard, Suite 200, Irvine, California 92612.

On April 15, 2026, I served the foregoing documents described as

DEFENDANT, STEGMEIER, GELBART, SCHWARTZ & BENAVENTE, LLP'S ANSWER TO ADVESARY COMPLAINT FOR 1. DECLARATORY RELIEF (28 U.S.C. §2201; 2. DISALLOWANCE OF CLAIMS (11 U.S.C. §502)

on the interested parties in this action:

Benjamin Heston, Esq.
Nexus Bankruptcy
3090 Bristol Street #400
Costa Mesa, California 92626
ben@nexusbk.com

Richard A. Marshack, Trustee
Marshak, Hays, Wood, LLP
870 Roosevelt
Irvine, California 92620
rmarshack@marshackhays.com

[X]   (BY MAIL)   I deposited such envelopes in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit. Executed on April 15, 2026, at Irvine, California.

[]   (BY FACSIMILE)   I caused such document(s) to be transmitted by facsimile machine, pursuant to California Code of Civil Procedure Section 1013. The fax number of the machine from which the document was transmitted was (949) 337-4059 and the fax number of the machine to which the document was transmitted Is ********. The facsimile machine that I used complied with California Rules of Court, Rule 2.300, and no error in transmission was reported by the machine. I caused the transmitting facsimile machine to print a transmission record of the transmission. Executed on ********, at Irvine, California.

[X]   (BY ELECTRONIC MAIL)   I caused the documents(s) listed above to be delivered by electronic mail to the person(s) at the email address(es) set forth above. Executed on April 15, 2026, at Irvine, California.

[]   (BY PERSONAL SERVICE) I caused to be hand delivered such envelope by hand to the offices of the addressee(s). Executed on ********, at Irvine, California.

[X]   (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

RITA C. RODRIGUEZ