FILED & ENTERED

MAY 28 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Kristina Lynn Smith,<br><br><br>Debtor(s). | CHAPTER 7<br><br>Case No.:  8:24-bk-12527-SC<br>Adv. No.:  8:26-ap-01028-SC<br><br>**ORDER ABSTAINING IN PART, STAYING ADVERSARY PROCEEDING, AND CONTINUING STATUS CONFERENCE** |
| Jeffrey Adams Gomez,<br><br>Plaintiff(s),<br>  v.<br><br>Stegmeier, Gelbart, Schwartz & Benavente, LLP, et al.,<br><br>Defendant(s). | Date:        June 2, 2026<br>Time:        1:30 PM<br>Courtroom: 5C |

Having reviewed the Adversary Complaint for Declaratory Relief and Disallowance of Claims [Dk. 1], the answers filed by Defendants [Dk. 3, 7, 12], the Joint Status Report [Dk. 13], and relevant proceedings in the underlying bankruptcy case, the Court finds good cause to order as follows.

-1-

The Court will abstain in part from deciding predicate state-law and family-law issues, stay this adversary proceeding pending further order, vacate the status conference currently set for June 2, 2026, at 1:30 p.m., and continue the status conference to September 1, 2026, at 1:30 p.m. in Courtroom 5C. The parties shall file a joint status report no later than August 18, 2026.

## I.      Background

Debtor Kristina Lynn Smith ("Debtor") filed a voluntary chapter 7 petition on October 3, 2024. [Bankr. Dk. 1]. Richard A. Marshack was appointed as Chapter 7 Trustee (the "Trustee") that same day. [Bankr. Dk. 4].

Before the bankruptcy filing, Debtor and Plaintiff Jeffrey Adams Gomez ("Plaintiff") were parties to a long-running dissolution proceeding in the Orange County Superior Court, *Kristina Smith v. Jeffrey Gomez*, Case No. 17D000590. The dissolution proceeding concerns, among other things, property rights between Debtor and Plaintiff, including rights relating to the real property commonly identified as 27591 Kathy Court, Laguna Niguel, California ("Kathy Court Property").

On May 26, 2025, Plaintiff filed a motion for relief from the automatic stay seeking authority to allow the Orange County Superior Court to adjudicate the validity and enforceability of the parties' prenuptial agreement. [Bankr. Dk. 89]. On June 27, 2025, the Court entered an order granting relief from stay as to the Orange County Superior Court dissolution proceeding. [Bankr. Dk. 111].

On September 26, 2025, the Trustee filed a stipulation for sale of the Kathy Court Property free and clear of liens. [Bankr. Dk. 129]. The stipulation provided that lienholders, except The Neshanian Law Firm, consented to the sale free and clear, with their liens or interests attaching to the proceeds in the same validity, extent, and priority as the lien or interest had under applicable law. The stipulation further provided that Plaintiff's half of the claimed homestead exemption would be held by the Trustee pending further court order. [Bankr. Dk. 129]. On October 6, 2025, the Court entered an order approving the sale stipulation. [Bankr. Dk. 130].

On December 23, 2025, the Trustee filed a motion to sell the Kathy Court Property. [Bankr. Dk. 139]. On February 27, 2026, the Court entered an order authorizing the sale of the Kathy Court property for $1,999,000.00. [Bankr. Dk. 162]. The sale order authorized sale free and clear of liens and provided for identified liens to attach to the proceeds as set forth in the sale stipulation and sale motion. The sale order also authorized the Trustee to receive and hold remaining "homestead" proceeds from escrow consistent with the sale stipulation, the sale motion, and pending further order of the Court. [Bankr. Dk. 162].

As relevant here, the sale order addressed several liens or asserted liens. The order provided that SGSB's judgment lien identified in paragraph 19 of the preliminary title report would attach to Plaintiff's share of the homestead proceeds. [Bankr. Dk. 162]. The order also provided that SGSB's Family Law Attorney Real Property Lien ("FLARPL") would attach to the Estate's/Debtor's share of the homestead proceeds. [Bankr. Dk. 162]. The order further provided that The Neshanian Law Firm's judgment lien and R&S Law Group, APC's judgment lien would attach to Plaintiff's share of the homestead proceeds. [Bankr. Dk. 162].

On March 14, 2026, Plaintiff commenced this adversary proceeding against Stegmeier, Gelbart, Schwartz & Benavente, LLP ("SGSB"), The Neshanian Law Firm, Inc. ("Neshanian"), and R&S Law Group, APC ("R&S"). [Dk. 1]. The Complaint seeks declaratory relief and disallowance of claims under 11 U.S.C. § 502. The dispute concerns asserted claims or liens against proceeds from the sale of the Kathy Court property, including the asserted effect of Plaintiff's claimed homestead exemption. The Complaint also relies on issues arising from the dissolution proceeding, including the alleged effect of the parties' premarital agreement, family-court stipulations or orders, attorney-fee awards, and FLARPLs. [Dk. 1].

Neshanian filed its answer on March 18, 2026. [Dk. 3]. SGSB filed its answer on April 15, 2026. [Dk. 7]. R&S filed its answer on May 5, 2026 [Dk. 12]. The parties filed the Joint Status Report on May 19, 2026. [Dk. 13]. Plaintiff's portion of the Joint Status

Report states that discovery is needed and that certain issues may need to be resolved in the divorce proceeding. [Dk. 13]. Defendants' portions of the Joint Status Report reflect differing views regarding readiness for trial, the need for discovery, and whether some claims could be bifurcated. [Dk. 13].

In the main case, on May 12, 2026, the Trustee filed a motion under Rule 9019 to approve compromises with White Zuckerman Warsavsky Luna and Hunt, LLP ("Hunt") and SGSB. [Bankr. Dk. 182]. The hearing on that motion is set for June 2, 2026 [Bankr. Dk. 185]. As relevant here, the proposed SGSB compromise concerns SGSB's asserted FLARPL against the Debtor/Estate's share of the Kathy Court sale proceeds. Under the proposed compromise, SGSB would be paid $240,000 on account of its $300,000 FLARPL, and the remaining $60,000 balance would be subordinated to allowed administrative and unsecured claims, with the lien securing that subordinated amount transferred to the Estate. [Bankr. Dk. 182]. The Trustee's motion states that the SGSB settlement does not affect other parties' rights to litigate against SGSB with respect to the abstract of judgment held by SGSB that attaches to Plaintiff's share of the proceeds. [Bankr. Dk. 182].

On May 19, 2026, Plaintiff filed a limited opposition to the Trustee's fee application and compromise motion. [Bankr. Dk. 186]. In that opposition, Plaintiff argues that his unresolved Family Code § 2640 reimbursement claim may affect what portion of the Kathy Court sale proceeds constitutes property of the bankruptcy estate. Plaintiff also argues that distributions from the sale proceeds should be deferred, or limited to undisputed funds, until his asserted § 2640 claim is adjudicated. [Bankr. Dk. 186]. On May 26, 2026, Trustee filed a Reply. [Bankr. Dk. 189].

On May 19, 2026, Plaintiff filed a further motion for relief from stay seeking authority to allow the Orange County Superior Court to adjudicate and liquidate his asserted reimbursement claim under California Family Code § 2640. [Bankr. Dk. 187]. That motion is set for hearing on July 1, 2026, at 10:00 a.m. [Bankr. Dk. 188].

**II.     Legal Standard**

A bankruptcy court may reach an abstention decision *sua sponte*. *See* 28 U.S.C. § 1334(c)(1); *see also In re Pac. Gas & Elec. Co.*, 279 B.R. 561, 565-66 (Bankr. N.D. Cal. 2002).

Discretionary abstention is governed by 28 U.S.C. § 1334(c)(1), which provides in pertinent part that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." *Krasnoff v. Marshack (In re Gen. Carriers Corp.)*, 258 B.R. 181, 189-90 (9th Cir. BAP 2001). Abstention addresses whether the bankruptcy court should exercise jurisdiction, not whether jurisdiction exists. *Id.* at 190.

In *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166-68 (9th Cir. 1990), the Ninth Circuit identified factors relevant to discretionary abstention, including the effect on administration of the estate, the extent to which state-law issues predominate, the presence of a related state-court proceeding, the jurisdictional basis other than 28 U.S.C. § 1334, the degree of relatedness to the bankruptcy case, the substance rather than form of any asserted core proceeding, the feasibility of severing state-law issues from bankruptcy matters, the burden on the bankruptcy court's docket, forum shopping, the existence of a jury-trial right, and the presence of nondebtor parties.

**III.    Discussion**

The Court will abstain from deciding predicate state-law and family-law issues and will stay this adversary proceeding so those issues may be resolved, if necessary, in the Orange County Superior Court before this Court determines any remaining bankruptcy consequences.

This adversary proceeding has bankruptcy consequences to the extent it seeks disallowance of claims, determination of asserted rights against sale proceeds, and determinations affecting distribution of proceeds administered in the bankruptcy case.

The Complaint alleges that this Court retained jurisdiction over the proceeds from the Kathy Court sale and that disputes concerning lien amounts, priorities, or allocation attached to the sale proceeds may be addressed in subsequent proceedings. The Court therefore does not determine that the adversary proceeding is outside bankruptcy jurisdiction.

However, the reservation of jurisdiction over disputes concerning lien amounts, priorities, or allocation as to the Kathy Court sale proceeds does not require this Court to decide, in the first instance, all predicate issues arising under California family law or from the parties' dissolution proceeding. Those predicate issues may and should be determined by the Orange County Superior Court, which is better positioned to interpret and apply the parties' premarital agreement, family-court stipulations and orders, attorney-fee awards, California Family Code § 2640, and California Family Code provisions governing FLARPLs. After those determinations are made, this Court can determine any remaining bankruptcy consequences, including allowance or disallowance of claims, lien priority as against sale proceeds administered in the bankruptcy case, and distribution of such proceeds.

The predicate issues include, among other things, the effect of the premarital agreement, the validity or enforceability of any FLARPL, the effect of prior family-court stipulations or orders, the amount or effect of any Family Code § 2640 reimbursement claim, and whether particular attorney-fee claims or liens have been satisfied, waived, barred, or otherwise remain enforceable under California law.

The proceedings in the underlying bankruptcy case reinforce that a stay is appropriate. The Court already granted relief from stay on June 27, 2025, on Plaintiff's May 26, 2025 motion seeking to allow the Orange County Superior Court to adjudicate the validity and enforceability of the parties' prenuptial agreement. [Bankr. Dk. 89, 111]. Plaintiff has also filed a further motion for relief from stay on May 19, 2026, seeking authority to allow the Orange County Superior Court to adjudicate and liquidate his asserted Family Code § 2640 reimbursement claim. [Bankr. Dk. 187]. That motion

remains pending and is set for hearing on July 1, 2026. [Bankr. Dk. 188]. Plaintiff's limited opposition to the Trustee's fee application and compromise motion further illustrates the sequencing issue: Plaintiff contends that his asserted § 2640 claim may affect the estate's interest in the Kathy Court sale proceeds and the source of any distributions. [Bankr. Dk. 186]. The Court need not decide that issue in this adversary proceeding now. It is enough that the pending main-case matters and the Orange County Superior Court proceeding may materially affect what issues remain for adjudication in this adversary proceeding.

The Trustee's pending compromise motion and Gomez's limited opposition further support a temporary stay of this adversary proceeding. In the main bankruptcy case, the Trustee seeks approval of settlements with Hunt and SGSB resolving certain lien disputes relating to proceeds from the sale of the Kathy Court property. [Bankr. Dk. 182]. However, as reflected in the Trustee's reply, the proposed compromises are limited in scope and do not purport to adjudicate the underlying disputes at issue in this adversary proceeding, including Gomez's asserted reimbursement rights, the ultimate characterization and allocation of the sale proceeds, or the validity and priority of SGSB's separate abstract judgment asserted against Gomez's share of the proceeds. [Bankr. Dk. 189]. Gomez's limited opposition likewise underscores that unresolved family-law and state-law issues remain pending, as he contends that his asserted Family Code § 2640 reimbursement claim must first be adjudicated to determine the parties' respective interests in the proceeds. [Bankr. Dk. 186]. The Court need not resolve those predicate issues in this adversary proceeding at this time. Staying this proceeding will permit the main bankruptcy case, together with any authorized proceedings in Orange County Superior Court, to clarify the parties' respective rights and narrow what issues, if any, remain for adjudication here.

The *Tucson Estates* factors support limited abstention and a stay. State-law issues predominate as to the predicate questions identified above. The Orange County Superior Court is the more appropriate forum to interpret and apply the parties'

premarital agreement, family-court stipulations and orders, attorney-fee awards, Family Code § 2640, and California Family Code provisions governing FLARPLs. Plaintiff's portion of the Joint Status Report also states that discovery is needed and that certain issues may need to be resolved in the divorce proceeding. [Dk. 13].

The relationship between this adversary proceeding and the bankruptcy case supports limited abstention, not dismissal or complete abstention. The claims, liens, and homestead issues matter in bankruptcy because they may affect asserted rights against Kathy Court sale proceeds and any distribution of those proceeds. The underlying predicate disputes, however, arise from the dissolution proceeding and applicable nonbankruptcy law. There is no independent federal jurisdictional basis for those predicate determinations apart from their possible effect on the bankruptcy case.

Severance is feasible. The Orange County Superior Court can determine the parties' rights under applicable nonbankruptcy law, including the effect of the premarital agreement, family-court stipulations or orders, attorney-fee awards, any FLARPL, and any Family Code § 2640 reimbursement claim, to the extent those issues may proceed consistent with the automatic stay or further order of this Court. This Court can later determine the bankruptcy effect of those determinations, including allowance or disallowance of claims under 11 U.S.C. § 502, the validity, extent, or priority of liens as against sale proceeds administered in the bankruptcy case, and distribution of those proceeds.

The presence of nondebtor parties further supports limited abstention. Plaintiff is the Debtor's former spouse, and the Defendants are law firms asserting claims or liens. The predicate disputes concern their rights under family-court orders, stipulations, liens, and California law. Allowing those issues to proceed first in the Orange County Superior Court, to the extent authorized by the automatic stay or further order of this Court, respects comity with the state court that has presided over the dissolution proceeding and avoids requiring this Court to make premature family-law determinations.

The Court recognizes that Defendants' portions of the Joint Status Report reflect differing views as to whether all claims must await family-court determinations and whether certain claims could be bifurcated. The Court nevertheless finds that a temporary stay is appropriate. All claims in this adversary proceeding seek relief concerning asserted claims or liens against Kathy Court sale proceeds, or the effect of Plaintiff's asserted homestead exemption. The main bankruptcy case and the dissolution proceeding may materially narrow or clarify those issues before this adversary proceeding proceeds.

Limited abstention and a stay will also promote efficient administration. If the Orange County Superior Court resolves the predicate state-law issues, and if the pending matters in the main bankruptcy case clarify what proceeds and liens remain at issue, the parties and this Court will be better positioned to determine what bankruptcy issues, if any, remain. Proceeding with discovery and motion practice in this adversary proceeding before those predicate issues are resolved would risk unnecessary litigation, inconsistent determinations, and inefficient use of judicial resources.

**IV.     Conclusion**

For the reasons stated above, IT IS ORDERED:

1. The Court abstains under 28 U.S.C. § 1334(c)(1) from deciding the following predicate issues to the extent they must be resolved under California family law or by interpretation, application, or enforcement of orders, judgments, or stipulations entered in the dissolution proceeding:

    a.  the effect or enforceability of the parties' premarital agreement as to the asserted attorney-fee debts, claims, or liens;

    b.  the validity or enforceability of any FLARPL, including any issue concerning compliance with California Family Code § 2033;

    c.  the effect of any family-court stipulation, order, judgment, or fee award, including any alleged stipulation concerning the Kathy Court property;

   d.  the existence, amount, or effect of any reimbursement claim asserted under California Family Code § 2640; and

   e.  whether any attorney-fee award, judgment, lien, or asserted claim has been satisfied, waived, barred, or otherwise rendered unenforceable as between Plaintiff, Debtor, and the Defendants under applicable nonbankruptcy law.

2. This adversary proceeding is stayed pending further order of this Court.

3. The status conference currently set for June 2, 2026, at 1:30 p.m. is vacated and continued to September 1, 2026, at 1:30 p.m. in Courtroom 5C. The parties shall file a joint status report no later than August 18, 2026. The status report shall address the status of any proceedings in the Orange County Superior Court, the status of any pending proceedings in the underlying bankruptcy case that may affect the issues in this adversary proceeding, whether any predicate issue identified in this Order has been resolved, and whether this adversary proceeding should remain stayed. If the parties cannot file a joint status report, separate status reports may be filed.

4. Any party may seek modification of this Order by noticed motion if the Orange County Superior Court determines that it will not decide an identified predicate issue, if circumstances materially change, or if further proceedings in this adversary proceeding become necessary to protect administration of the bankruptcy case.

**IT IS SO ORDERED.**

Date: May 28, 2026

Scott C. Clarkson
United States Bankruptcy Judge

-10-