**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
ben@nexusbk.com
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054

Attorney for Jeffrey Adams Gomez

**DINSMORE & SHOHL LLP**
YOSINA M. LISSEBECK (201654)
yosina.lissebeck@dinsmore.com
TAYLOR F. DUNCAN (353158)
taylor.duncan@dinsmore.com
655 West Broadway, Suite 800
San Diego, CA 92101
Tel: (619) 400-0500
Fax: (619) 400-0501

Attorneys for Richard A. Marshack,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>KRISTINA LYNN SMITH,<br><br>Debtor. | Case No: 8:24-bk-12527-SC<br><br>Chapter 7<br><br>Adv. No: 8:26-ap-01028-SC |
| JEFFREY ADAMS GOMEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STEGMEIER, GELBART, SCHWARTZ & BENAVENTE, LLP, THE NESHANIAN LAW FIRM, INC. and R&S LAW GROUP, APC,<br><br>Defendants. | **NOTICE OF JOINT MOTION TO (1) APPROVE GLOBAL SETTLEMENT UNDER FED R. BANKR. P. 9019; (2) AUTHORIZE DISTRIBUTIONS; AND (3) AUTHORIZE REGISTRY DEPOSIT [MAIN CASE, DK. 212]**<br><br>[*No hearing required*] |

**TO THE DEBTOR, THE UNITED STATES TRUSTEE, ALL CREDITORS, AND ALL OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that Jeffrey Adams Gomez ("Gomez"), creditor and Plaintiff in the related Adversary Proceeding (defined below), and Richard A. Marshack, the Chapter 7 trustee ("Trustee") of the bankruptcy estate ("Estate") of Kristina Lynn Smith ("Debtor"), have filed a *Joint Motion to (1) Approve Global Settlement Under Fed. R. Bankr. P. 9019; (2) Authorize Distributions; and (3) Authorize Registry Deposit* ("Motion") in the Debtor's main bankruptcy case, Case No. 8:24-bk-12527-SC ("Main Case"), as docket number 212.[1] Specifically, Gomez and Trustee (collectively, "Movants") move this Court for an order that finds and directs as follows:

1. The Global Settlement Agreement and Mutual Release ("Agreement") is approved in its entirety.

2. The parties to the Agreement are authorized to take the actions prescribed by the Agreement.

3. Trustee is authorized to distribute funds he is holding, in accordance with the *Order Approving Stipulation for Sale of Real Property Located at 27591 Kathy Court, Laguna Niguel, California Free and Clear of Liens* [Dk. 130], constituting Gomez's share ("Gomez Share") of the proceeds from the sale of the real property located at 27591 Kathy Court, Laguna Niguel, California 92677 ("Property") as follows:

   a. $155,000.00 to R&S Law Group, APC ("R&S");

   b. $98,035.00 to The Neshanian Law Firm, Inc. ("Neshanian");

   c. The remainder of the Gomez Share to Gomez (a-c, collectively, "Disbursements").

4. After the respective Disbursements have been made, the following shall be deemed satisfied in full and permanently extinguished as to each party and each party shall perform as obligated:

[1] All references to docket numbers refer to the pleadings in the Main Case.

a. R&S: All claims, judgments, liens, proofs of claim, notices, and encumbrances held by R&S against Gomez, the proceeds from the sale of the Property ("Sale Proceeds"), or any property in which Gomez has or had an interest in ("Gomez Property"). Within 3 business days of actually receiving its respective Disbursement, R&S shall (a) file a withdrawal of Proof of Claim No. 8-1 in the Bankruptcy Case and (b) execute, deliver, and, where applicable, file or record an Acknowledgment of Satisfaction of Judgment sufficient to release each judgment lien asserted by R&S against the Gomez Property.

b. Neshanian: All claims, judgments, liens, proofs of claim, notices, and encumbrances held by Neshanian against the Gomez Property. Within 3 business days of actually receiving its respective Disbursement, Neshanian shall (a) file a withdrawal of Proof of Claim No. 2-1 in the Bankruptcy Case and (b) execute, deliver, and, where applicable, file or record an Acknowledgment of Satisfaction of Judgment sufficient to release each judgment lien asserted by Neshanian against the Gomez Property.

a. Gomez: Every proof of claim filed by or on behalf of Gomez against the bankruptcy Estate, including every amendment to such a claim, is fully satisfied, paid, settled, and resolved. Gomez shall have no further right to payment, distribution, dividend, or recovery from the bankruptcy Estate on account of any such claim. This does not release, limit, determine, or prejudice Gomez's right to seek reimbursement or other relief in the Superior Court of California, County of Orange ("State Court"), in Case No. 17D000590 ("Divorce Proceedings"), against Debtor or property later determined to be community property.

5. Stegmeier, Gelbart, Schwartz & Benavente, LLP ("SGSB") shall receive no further portion of the Sale Proceeds.[2]

6. SGSB is authorized to, and shall, deposit $50,000.00 ("Registry Funds") with the Clerk of the United States Bankruptcy Court for the Central District of California into the registry of the adversary proceeding ("Court Registry") styled *Gomez v. Stegmeier, Gelbart, Schwartz &*

[2] For the sake of clarity, SGSB has already received funds constituting Sale Proceeds as a result of the Order approving the *Motion for Order Approving Compromises with Creditor White Zuckerman Warsavsky Lune and Hunt, LLP and Creditor Stegmeier, Gelbart, Schwartz and Benavente, LLP* [Dk. 197] ("Order re Debtor Share 9019 Motion"). The relief sought herein, and any related order, shall have no effect or impact on the relief provided in the Order re Debtor Share 9019 Motion.

*Benavente, LLP et al.*, Case No. 8:26-ap-01028-SC ("Adversary Proceeding") in accordance with the Agreement. This shall satisfy in full and permanently extinguish all claims, liens, judgments, notices, FLARPLs, and related encumbrances asserted by SGSB against the Gomez Property. Within one business day after making the deposit, SGSB shall serve Trustee and all other parties to the Agreement with the Clerk's receipt confirming the date and amount of the deposit. Within three business days after depositing the full Registry Funds, SGSB shall execute, deliver, file, and record every withdrawal, acknowledgment of satisfaction, release, and other document necessary to remove any claims and encumbrances against the Gomez Property from any docket, title report, or public record.

7. Authorized registry fees and taxes may not be deducted from the Registry Funds' principal.

8. Trustee's distributions of the Disbursements are not conditioned upon SGSB placing the Registry Funds in the Court Registry.

9. The Registry Funds shall be held on deposit unless and until the State Court, in the Divorce Proceedings, decides the validity of the August 4, 2003 Premarital Agreement ("PMA") by and between Gomez and Debtor ("PMA Ruling").

10. If the State Court determines that the PMA is valid, the Registry Funds shall be distributed to Gomez. If the State Court determines that the PMA is invalid, the Registry Funds shall be distributed to SGSB.

11. The disbursement procedures provided in the Agreement at sections 3.2 and 3.3 are approved which provide, *inter alia*, that the party entitled to the Registry Funds as a result of a PMA Ruling shall file, within 3 business days after such ruling, in the Adversary Proceeding the PMA Ruling and lodge the mandatory registry fund disbursement order as outlined in and pursuant to the Agreement.

/ / /

/ / /

/ / /

/ / /

12. Gomez shall seek the dismissal of the Adversary Proceeding with prejudice within five court days after (a) SGSB has deposited the Registry Funds and delivered documents as required under the Agreement, (b) R&S, Neshanian, and Gomez have actually received the Disbursements, and (c) R&S and Neshanian have delivered the documents as required under the Agreement.

13. The Court retains jurisdiction to hold and disburse the Registry Funds and to enforce the Agreement and its related order.

14. Notice of the Motion is adequate and proper.

15. Such other relief as the Court deems just and proper.

The complete scope and terms of the relief requested are located in the Agreement, which is attached to the Motion as **Exhibit A** and filed concurrently herewith.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion and its supporting declarations and exhibits can be obtained by contacting Taylor F. Duncan, Trustee's counsel, at taylor.duncan@dinsmore.com or Benjamin Heston, Gomez's counsel, at ben@nexusbk.com.

**PLEASE TAKE FURTHER NOTICE** that the Motion is made pursuant to Rules 9019 and 7067 of the Federal Rules of Bankruptcy Procedure and Rules 7067-1 and 9013-1 of the Local Bankruptcy Rules for the Central District of California ("LBR") on grounds that the Agreement represents a sound exercise of Trustee's business judgment and is in the best interests of the Estate's creditors. Approving the Agreement will reduce the amount of claims asserted against the Estate, release lien obligations, increase distributions to general unsecured creditors, finally resolve any and all litigation and claims related to the Gomez Share of the proceeds from the sale of the Property, permit Trustee to distribute the Gomez Share pursuant to Court order, and will allow Trustee to initiate closing procedures for the Case. Likewise, the Agreement will resolve the relevant claims without the need for costly litigation and the delays that necessarily flow from such litigation.

**NOTICE IS FURTHER GIVEN** that the Motion is based upon (a) this Notice of Motion, (b) the Motion, and (c) the Declaration of Richard Marshack and exhibits thereto.

**NOTICE IS FURTHER GIVEN** that any response and request for hearing as to the Motion must be in the form as required by Local Bankruptcy Rules 9013-1(f)(1) and (o), and must be filed with the Clerk of the above-entitled Court. The deadline for any response and request for hearing is fourteen (14) days after the date of service of this Notice, plus an additional three (3) days if this Notice was served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F). A copy of any response or request for hearing must be served on the Movants and Trustee. A copy must also be served on the Office of the United States Trustee, 411 West Fourth Street, Suite 7160, Santa Ana, CA 92701. Failure to timely respond may be deemed as acceptance of the proposed relief. See Local Bankruptcy Rule 9013-1(h).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013-1(h), the failure to file and serve a timely response to the Motion or request a hearing on the Motion may be deemed by the Court to be consent to the granting of the relief requested in the Motion.

Dated: October 8, 2026

Respectfully submitted,

DINSMORE & SHOHL LLP

By: */s/ Taylor F. Duncan*
Yosina M. Lissebeck
Taylor F. Duncan
Attorneys for Richard A. Marshack, Chapter 7 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**655 West Broadway, Suite 800 San Diego, CA 92101**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF JOINT MOTION TO (1) APPROVE GLOBAL SETTLEMENT UNDER FED R. BANKR. P. 9019; (2) AUTHORIZE DISTRIBUTIONS; AND (3) AUTHORIZE REGISTRY DEPOSIT [MAIN CASE. DK. 212];** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **10/08/2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **10/08/2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California, Santa Ana Division
411 W. Fourth St., Ste 5130/Ctrm 5C
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _______________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 10/08/2026 | Cynthia Lam | /s/Cynthia Lam |
| *Date* | *Printed Name* | *Signature* |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

David Coats on behalf of Creditor Wells Fargo Bank, N.A. dacoats@raslg.com

Benjamin Heston on behalf of Creditor Jeffrey Adams Gomez
bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net

Benjamin Heston on behalf of Plaintiff Jeffrey Adams Gomez
bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net

Richard G. Heston on behalf of Creditor Richard G Heston
rheston@hestonlaw.com, yflores@hestonlaw.com,docs@hestonlaw.com, HestonRR41032@notify.bestcase.com, hestonlaw@recap.email

Michelle Sherwood on behalf of R & S Law Group, APC attorneys@randslawgroup.com

Richard A Marshack (TR) pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

Eric Marcus Neshanian on behalf of Defendant The Neshanian Law Firm, Inc neshanianlawfirm@gmail.com

Eric Marcus Neshanian on behalf of Interested Party Courtesy NEF neshanianlawfirm@gmail.com

Matthew J Stockl on behalf of Trustee Richard A Marshack (TR) mstockl@otterbourg.com, nregina@otterbourg.com

United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

Julie J Villalobos on behalf of Debtor Kristina Lynn Smith julie@oaktreelaw.com, oakecfmail@gmail.com; villalobosjr51108@notify.bestcase.com;gus@oaktreelaw.com

Jennifer C Wong on behalf of Creditor U.S. Bank National Association bknotice@mccarthyholthus.com , jwong@ecf.courtdrive.com

Jennifer C Wong on behalf of Interested Party Courtesy NEF bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

Stegmeier, Gelbart, Schwartz & Benavente, LLP sgelbart@sgsblaw.com